| | |
|---|---|
| 1 | Robert D. Phillips, Jr. (SBN 82639) |
| | E-mail: bo.phillips@alston.com |
| 2 | Thomas A. Evans (SBN 202841) |
| | E-mail: tom.evans@alston.com |
| 3 | Alston & Bird LLP |
| | 560 Mission St., Suite 2100 |
| 4 | San Francisco, CA 94105 |
| | Telephone: +1 415 243 1000 |
| 5 | Facsimile: +1 415 243 1001 |

Samuel J. Park (SBN 245327)
E-mail: samuel.park@alston.com
Alston & Bird LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100

William H. Higgins (SBN 208514)
E-mail: william.higgins@alston.com
Alston & Bird LLP
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203-1328
Telephone: 704-444-1000
Facsimile: 704-444-1111

*Counsel for Defendant Midland National Life Insurance Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA L. TAYLOR, DEANN FALLAS, KATHARINE BARTLETT, VAHE AMIRIAN, PHILLIP I. COHEN, and MARIA DE ALTONAGA, individually and as representatives of the Class,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>(Monterey County Superior Court Case No. 23CV001999)<br><br>**DEFENDANT MIDLAND NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1453(b) (CLASS ACTION FAIRNESS ACT)**<br><br>[Filed concurrently with Appendix of State Court Pleadings; Certification of Conflicts and Interested Entities or Persons; Corporate Disclosure Statement; Civil Cover Sheet; and Certificate of Service]<br><br>Filing Date: August 14, 2023 |

NOTICE OF REMOVAL
Case No.

LEGAL02/43212097v7

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Midland National Life Insurance Company ("Midland") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Monterey ("State Court"), where the above-entitled action ("Action") was filed, to the United States District Court for the Northern District of California.

In support of this Notice, Midland alleges as follows:

## TIMELINESS OF REMOVAL

1. On June 26, 2023, Plaintiffs Veronica L. Taylor, Deann Fallas, Katharine Bartlett, Vahe Amirian, Phillip I. Cohen, and Maria De Altonaga (collectively, "Plaintiffs") commenced the Action in the State Court by filing a complaint ("Complaint") captioned *Veronica L. Taylor, et al. v. Midland National Life Insurance Company, et al.*, Monterey County Superior Court Case No. 23CV001999. The Complaint alleges one cause of action: unfair and unlawful business practices in violation of California Bus. & Prof. Code § 17200, *et seq*. A true and correct copy of the Complaint is attached as Exhibit B to the Appendix of State Court Pleadings filed concurrently with this Notice of Removal.

2. Plaintiffs served Midland with the Summons and Complaint by personal service on July 17, 2023.

3. Therefore, this Notice of Removal, filed on August 15, 2023, is timely pursuant to 28 U.S.C. § 1446(b)(2).

4. Copies of all pleadings, process and orders served upon Midland in the State Court proceeding are being filed with this notice as a separate Appendix.

## VENUE AND DIVISIONAL ASSIGNMENT

5. Venue lies in the Northern District, San Jose Division, pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(a). This Action was originally brought in the Superior Court of the State of California, County of Monterey. *See* 28 U.S.C. § 84(a) (stating that the Northern District encompasses Monterey County); Civil L. R. 3-2(e) (including Monterey County in San Jose Division).

**THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA**

6. The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), "gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

7. CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010); *see also Ibarra*, 775 F.3d at 1197 ("Congress intended CAFA to be interpreted expansively."). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

8. This Court has original jurisdiction over, and Midland may remove, this Action because (i) it is a class action, (ii) in which the class members number at least 100, (iii) in which one or more class members are citizens of a state different from Midland, and (iv) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

**A.     THE REMOVED ACTION IS A "CLASS ACTION"**

9. CAFA defines the term "class action" to include any civil action filed under a state "statute or rule of judicial procedure" that is "similar" to Federal Rule of Civil Procedure 23 which "authoriz[es] an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiffs have brought this Action pursuant to California Code of Civil Procedure § 382, which authorizes a single plaintiff to "sue . . . for the benefit of all" "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Accordingly, Section 382 of the California Code of Civil Procedure is "similar" to Federal Rule of Civil Procedure 23. 28 U.S.C. § 1332(d)(1)(B).

11. Plaintiffs have brought this Action on behalf of, and seek to represent, the following putative class:

> All public employees of all California local school districts, community college districts, county offices of education, and state employees of a state employer under the uniform state payroll system, excluding the California State University System, eligible to participate in an annuity contract and custodial account as described in Section 403(b) of the Internal Revenue Code of 1986 that, in the four years predating the filing of this Complaint and continuing through the date the class list is prepared, who were invested in an indexed annuity 403(b) product issued by Defendant and who paid fees that were not properly disclosed on 403bcompare.com.

(Compl. ¶ 128.) Plaintiffs allege that this putative class satisfies the requirements of ascertainability, numerosity, commonality, typicality, adequacy, and predominance. (*Id.* ¶¶ 129–34.)

12. Based on the foregoing, plaintiffs have alleged a "class action" within the meaning of CAFA.

**B.   THE PUTATIVE CLASS EXCEEDS 100 CLASS MEMBERS**

13. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

14. Plaintiffs allege that the proposed class includes "hundreds or thousands of class members." Compl. ¶¶ 128, 130.

15. The putative class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

**B.   THE PARTIES SATISFY THE MINIMAL DIVERSITY REQUIREMENT**

16. CAFA's minimal diversity requirement allows for federal district court jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Each of the named Plaintiffs is a citizen of California:

   a. Plaintiff Veronica L. Taylor. At the time of commencement of the Action and at the time of removal, Plaintiff Veronica L. Taylor was a citizen of the State of California and resident in Monterey County, California. (Compl. ¶ 17.)

   b. Plaintiff Deann Fallas. At the time of commencement of the Action and at the time of removal, Plaintiff Deann Fallas was a citizen of the State of California and resident in Kern County, California. (Compl. ¶ 19.)

3

NOTICE OF REMOVAL
Case No.

   c. Plaintiff Katharine Bartlett.  At the time of commencement of the Action and at the time of removal, Plaintiff Katharine Bartlett was a citizen of the State of California and resident in Santa Clara County, California.  (Compl. ¶ 21.)

   d. Plaintiff Vahe Amirian.  At the time of commencement of the Action and at the time of removal, Plaintiff Vahe Amirian was a citizen of the State of California and resident in Los Angeles County, California.  (Compl. ¶ 23.)

   e. Plaintiff Phillip I. Cohen.  At the time of commencement of the Action and at the time of removal, Plaintiff Phillip I. Cohen was a citizen of the State of California and resident in Los Angeles County, California.  (Compl. ¶ 25.)

   f. Plaintiff Maria De Altonaga.  At the time of commencement of the Action and at the time of removal, Plaintiff Maria De Altonaga was a citizen of the State of California and resident in Alameda County, California.  (Compl. ¶ 27.)

18. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business."  At the time of commencement of the Action and at the time of removal, Midland was, and still is, a corporation incorporated in and organized under the laws of the State of Iowa, with its principal place of business in West Des Moines, Iowa.  (Compl. ¶ 30.)

19. Minimal diversity of citizenship exists between Plaintiffs and Midland as required by CAFA because at least one named plaintiff is a citizen of a state different from Midland.  *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (holding that the defendant's "jurisdictional allegations, which provided a short and plain statement of the parties' citizenships based on information and belief, satisfied [the defendant's] burden of pleading minimal diversity").

**C. THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

20. Midland denies Plaintiffs' allegations and claim of entitlement to monetary or injunctive relief but without prejudice to its defenses in this Action avers that it is reasonably possible that the potential liability alleged by the Plaintiffs in this Action exceeds the $5 million threshold for removal under CAFA.

4

NOTICE OF REMOVAL
Case No.

21. "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). "'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Id.* "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Midland's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

22. The allegations of the Complaint state that the possible liability faced by Midland exceeds $5 million. While the Complaint does not expressly identify an amount in controversy, Plaintiffs allege that Midland has "skimm[ed] ***tens of millions of dollars***" from California public employees' supplemental retirement accounts. (Compl. ¶ 148 (emphasis added).) Plaintiffs are seeking restitution of these allegedly undisclosed "fees" as well as injunctive relief to require "Defendant to make full disclosures on 403bcompare.com of the fees associated with its registered 403(b) products." (*Id.* ¶¶ 153–54.) Given the foregoing, it is reasonable to assume that the amount in controversy exceeds $5 million.

23. Although Midland disputes that Plaintiffs are entitled to any relief, monetary or otherwise, Midland's records indicate the relief described by Plaintiffs in the Complaint, if awarded, could exceed $5,000,000, exclusive of costs and interest. The amount in controversy therefore exceeds $5,000,000.

24. A true and correct copy of this Notice of Removal has been served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Monterey, as required by law. 28 U.S.C. § 1446(d).

Dated: August 14, 2023                                        Respectfully submitted,

                                                                                By:  */s/ Thomas A. Evans*
                                                                                Thomas A. Evans
                                                                                Alston & Bird LLP

                                                                                *Counsel for Defendant Midland National Life Insurance Company*

# PROOF OF SERVICE

I, Robert Chang, declare:

I am employed in the County of San Francisco. My business address is Alston & Bird LLP, 560 Mission Street, Suite 2100, San Francisco, CA 94105. I am over the age of eighteen years and not a party to the action in which this service is made.

On **August 14, 2023,** I served the document(s) described as follows **DEFENDANT MIDLAND NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1453(b) (CLASS ACTION FAIRNESS ACT**)on the interested parties in this action:

Joshua P. Davis
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA  94111
jdavis@bm.net

E. Michelle Drake
John G. Albanese
Ariana B. Kiener
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN  55413
emdrake@bm.net
jalbanese@bm.net
akiener@bm.net

Carl F. Engstrom
Brandon T. McDonough
Mark E. Thomson
ENGSTROM LEE MCDONOUGH THOMPSON & THOMPSON LLC
729 N. Washington Ave, Suite 600
Minneapolis, MN  55401
cengstrom@engstromlee.com
bmcdonough@engstromlee.com
mthomson@engstromlee.com

☐ BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the above service list

☐ By ELECTRONIC SERVICE: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses through **Ace Attorney Service, Inc**. I did not receive, within a reasonable time after the transmission,

any electronic message or other indication that the transmission was unsuccessful.

☒ [Federal] I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct
    [Federal] I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2023, at San Francisco, California.

_Robert Chang_
Robert Chang

PROOF OF SERVICE