1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    VERONICA L. TAYLOR, et al.,                    Case No.  23-cv-04125-PCP

8                     Plaintiffs,

9              v.                                   **ORDER ON MOTION TO DISMISS**

10   MIDLAND NATIONAL LIFE                          Re: Dkt. Nos. 35, 45
     INSURANCE COMPANY,

11                    Defendant.

12

13         This is the last of four related cases in which putative classes of California public school

14   teachers claim that insurance companies charged fees for deferred indexed annuity plans in

15   violation of Sections 25101 and 25107 of the California Education Code and the California Unfair

16   Competition Law. The Court addressed this statutory framework in depth in the first of these

17   cases, *Hoffman v. Life Insurance Company of the Southwest*, —— F. Supp. 3d. ——, 2024 WL

18   ———— (N.D. Cal. 2024) (Dkt. No. 80 in Case No. 23-cv-04068). This order assumes

19   familiarity with that background and analysis and applies the same legal standards to the similar

20   claim here against defendant Midland National Life Insurance Company.

21         Plaintiffs' UCL unlawful prong claim is based on an alleged violation of Section 25107,

22   which provides that "[a] vendor may not charge a fee associated with a registered 403(b) product

23   that is not disclosed, pursuant to Section 25101." The complaint alleges that North American

24   routinely charges fees on its 403(b) products which are not disclosed on 403bCompare.com. The

25   complaint asserts that this conduct also violates the unfair prong.

26         Plaintiffs Cohen, Amirian, and Fallas allege that they purchased plans that Midland never

27   registered. As discussed in *Hoffman*, however, Section 25107 only prohibits charging fees

28   associated with *registered* plans. Plaintiffs cannot establish a Section 25107 violation based on

unregistered plans. Plaintiffs Taylor, Bartlett, and De Altonaga allege that they purchased plans that were registered, and assert that the cap, spread, and/or participation rates that applied to their plans violated Section 25107 because they were not disclosed. This argument fails because, as explained in *Hoffman*, these rates are not fees and their application does not violate Section 25107. Plaintiffs' claims under the UCL's unlawful prong for these alleged Section 25107 violations are therefore dismissed without leave to amend. The claim that this same conduct violates the UCL's unfair prong is dismissed with leave to amend for the reasons explained in *Hoffman*.

That leaves plaintiff Taylor's claim based on the 0.95% fee for the "Retire X-Cel Rider." Taylor alleges that the associated plan was registered but that this fee was not disclosed on 403bCompare.com. As with plaintiff Krimbow's rider fee claim in *Hoffman*, Taylor has adequately pleaded a Section 25107 violation and established an economic injury that provides UCL standing. Midland's motion to dismiss Taylor's claims under both the unlawful and unfair prongs of the UCL is therefore denied to the extent they are based on this rider fee.

Finally, Midland's request for judicial notice of the plaintiffs' annuity contracts is denied for the reasons set forth in *Hoffman*. Its requests for judicial notice of publicly available SEC forms and publications and for the definition of "fee" from Black's Law Dictionary are granted. Plaintiffs' request for judicial notice, nearly identical to their request in *Hoffman*, is granted.

\* \* \*

In sum, plaintiff Taylor's claim based on rider fees is adequately pleaded. Plaintiffs' claim under the UCL's unlawful prong is otherwise dismissed without leave to amend, and the claim under the unfair prong is dismissed with leave to amend. An amended complaint, if plaintiffs choose to file one, will be due August 8, 2024.

**IT IS SO ORDERED.**

Dated: July 17, 2024

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California