United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VERONICA L. TAYLOR, et al.,

Plaintiffs,

v.

MIDLAND NATIONAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 23-cv-04125-PCP

**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 113

This is one of three related cases in which a putative class of California public school teachers claims that insurance companies charged fees for "indexed" annuities in violation of sections 25101 and 25107 of the California Education Code and the California Unfair Competition Law. Plaintiff Veronica L. Taylor now moves for preliminary approval of a class action settlement in this lawsuit against Midland National Life Insurance Company (Midland). For the reasons that follow, the motion is denied without prejudice.

**BACKGROUND**

School districts in California offer retirement plans authorized by 26 U.S.C. § 403(b). California law requires that the vendors of such 403(b) plans disclose "all expenses paid directly or indirectly by retirement plan participants" on a website called 403bcompare.com. Cal. Educ. Code § 25101(a)(3). Vendors are barred from charging any fees in excess of those that have been disclosed. Cal. Educ. Code § 25107.

The operative complaint in this case alleges that Midland charged teachers "millions of dollars in undisclosed and unauthorized fees" on their retirement savings plans in violation California Education Code § 25100, *et seq*. and the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq*. Amended Complaint, Dkt. No. 28, at ¶ 1. Specifically,

Taylor alleges that Midland unlawfully charged fees on indexed annuities that were not disclosed at the time they were charged.

In July 2024, the Court granted Midland's motion to dismiss Taylor's claim that the applicable Education Code provisions required Midland to disclose the cap, spread, and/or participation rates that applied to Midland's indexed annuities, agreeing with Midland that those rates are not "fees." *Taylor v. Midland Nat. Life Ins. Co.*, 2024 WL 3435417, at *1 (N.D. Cal. Jul. 17, 2024); *see also Hoffman v. Life Ins. Co. of the Sw.*, 740 F. Supp. 3d 918, 927 (N.D. Cal. 2024). The Court, however, concluded that Taylor could pursue a claim premised on an undisclosed fee that she paid for a certain "rider" attached to her annuity. *Taylor*, 2024 WL 3435417, at *1.

Following the Court's order granting in part and denying in part Midland's motion to dismiss, the parties engaged in discovery, briefed class certification, and participated in mediation. On March 23, 2026, three days before the hearing on class certification, the parties notified the Court that they had reached a settlement in principle. Dkt. No. 106. On July 7, 2026, Taylor moved for preliminary approval of the parties' proposed class settlement.

Under the terms of the settlement, Midland will pay a total of $382,123.50 to a proposed settlement class of over 3,000. *Id.* at 3. The settlement will be divided proportionally based on the amount of undisclosed fees each class member paid. *Id.* Those undisclosed fees are of two kinds, one paid to provide the annuity holder with a "Guaranteed Minimum Withdrawal Benefit" (GMWB) and another paid for an "Enhanced Participation Rate" (EPR). *Id.* Midland stopped offering the GMWB rider to new purchasers by the end of 2017. *Id.* The EPR rider is still offered, but the associated fees are now disclosed. *Id.* The GLWB and EPR fees paid by class members at a time when they were not disclosed on 403bcompare.com total $12,443,773.40. Motion for Preliminary Settlement Approval, Dkt. No. 113, at 2. GLWB fees constitute $11,963,318.77 of that amount, while EPR fees make up the remaining $480,454.63. *Id.*

**LEGAL STANDARDS**

"Approval of a settlement is a two-step process. Courts first 'determine[] whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" *In re Volkswagen "Clean Diesel" Mktg.,*

*Sales Pracs., & Prods. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017), *enforcement granted,* No. 2672 CRB (JSC), 2017 WL 914066 (N.D. Cal. Mar. 6, 2017) (alteration in original) (quoting *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)). Although "courts should not casually second-guess class settlements brokered by the parties, they should not greenlight them, either." *Briseño v. Henderson*, 998 F.3d 1014, 1018 (9th Cir. 2021). "[D]istrict court review of class action settlements includes not only consideration of whether there was *actual* fraud, overreaching or collusion but, as well, substantive consideration of whether the terms of the decree are 'fair, reasonable and adequate to all concerned.'" *Stanton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (emphasis in original).

Federal Rule of Civil Procedure 23(e)(2) requires that courts ensure that a settlement proposal is "fair, reasonable, and adequate." To evaluate whether a settlement meets the standards set forth in Rule 23, courts generally weigh "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 566, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

## ANALYSIS

Although "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair," *Officers for Just.*, 688 F.2d at 628, the Court must take into account "the amount offered in settlement" when evaluating whether the proposed settlement is fair. *In re Bluetooth*, 654 F.3d at 946. This is

particularly true where, as here, the proposed settlement represents a massive discount on the defendant's potential exposure. If this case proceeded to trial and Midland were required to pay the entire amount of fees that were alleged to be unlawfully charged to class members, Midland would owe the class more than $12.44 million. Motion for Preliminary Settlement Approval, Dkt. No. 113, at 2. The proposed settlement amount of $382,123.50 represents only 3% of that amount.

Taylor argues that this amount is reasonable because a recent California Court of Appeal decision weakens her case. In *Jacobson v. Metropolitan Life Insurance Company*, the Court of Appeal held that the California Education Code "does not require a vendor to disclose for posting on 403bcompare.com fees for optional product riders it no longer offers regardless of whether it still offers the underlying product." 116 Cal. App. 5th 748, 763 (Ct. App. 2025), *as modified* (Dec. 4, 2025), *review denied* (Mar. 11, 2026). The Court of Appeal explained that the California Education Code "does not apply to failures to disclose for posting on 403bcompare.com information about fees charged to prior purchasers of discontinued optional riders." *Id.*

Like the product at issue in *Jacobson*, the GMWB rider is no longer offered by Midland.[1] But *Jacobson* does not squarely control the outcome here. The fees at issue in *Jacobson* were disclosed to consumers on 403bcompare.com at the time of the related product's purchase, and the Court of Appeal merely held that once the product was no longer being offered to new annuitants, the insurer was not required to continue listing those fees on 403bcompare.com simply because some annuitants were still paying those fees. *Id.* at 755. Taylor's case, by contrast is premised on her contention that the GMWB fees were *not* disclosed at the time of purchase. Although the California courts may ultimately conclude that an insurer that charged undisclosed fees may escape liability for its prior violations of the California Education Code merely by ceasing to offer the product at issue to new annuitants, *Jacobson* does not so hold.

In many cases, it will be true that a fractional settlement recovery is justified because of

[1] As noted above, the EPR rider is still offered. The proposed settlement accounts for the fact that *Jacobson* does not appear to implicate the legality of the EPR fees by according class members' payment of EPR fees three times greater weight in the distribution formula than their payment of GMWB fees. Even with this modification, however, the settlement still represents a substantial discount on class members' payment of undisclosed EPR fees.

United States District Court
Northern District of California

weaknesses in the plaintiff's case or litigation risks. A fractional settlement amount is especially likely to be fair where "monetary relief is but one form of the relief requested by the plaintiffs." *Officers for Just.*, 688 F.2d at 628. But here, monetary relief is the only relief that Taylor and the other class members seek, and the parties know the precise amount of undisclosed fees at stake. The *Jacobson* decision, standing alone, cannot justify the proposed settlement's massive 96.9% discount.

The Court also recognizes that litigation would be neither costless nor risk-free. But the primary risk that Taylor identifies (*Jacbonson*) is overstated. And although the Court has not yet ruled on class certification, there is no obvious reason why the two proposed classes could not be maintained throughout the litigation. *See, e.g.*, *Krimbow v. Life Ins. Co. of the Southwest*, _ F. Supp. 3d _, 2026 WL 2045686 (N.D. Cal. Jul. 15, 2026) (certifying class pursuing nearly identical Education Code claim). Accordingly, on the existing record, the Court cannot conclude that the amount offered in settlement here is fair and reasonable.

The proposed settlement agreement also includes a blanket release of all "claims that were brought or could have been brought in the complaint in this case, *including the claims that the Court previously dismissed*." Motion for Preliminary Settlement Approval, Dkt. No. 113, at 11 (emphasis added). The Court doubts the propriety of such a release under the procedural circumstances presented here. Midland chose to seek dismissal of Taylor's challenge to the nondisclosure of cap, spread, and participation rates on an individual basis prior to class certification, and was successful in doing so. As a result, that claim was terminated from the case. Crucially, the dismissed claim was legally and factually distinct from Taylor's claim that Midland failed to disclose the fees paid for additional riders purchased by annuitants. Although settlement classes often release all claims that were brought or could have been brought on the basis of the factual allegations in the complaint, the propriety of such a release—particularly to the extent that it encompasses legal claims and theories dismissed prior to class certification—depends on the assumption that all covered claims share a common factual basis. Where a legally and factually distinct claim is dismissed at the outset of a lawsuit and provides no basis for the compensation provided to the settlement class, however, the inclusion of such a release in a proposed settlement

poses significant due process concerns.

To be certain, some of the relevant factors weigh in favor of settlement approval here. For example, both Taylor's counsel and Midland's counsel are experienced and urge settlement, the case was vigorously litigated at the motion to dismiss stage, and many months of discovery have taken place. But those factors cannot overcome the proposed settlement's unjustified discount on class members' recovery or its questionable release of factually and legally distinct claims dismissed at the outset of this lawsuit. Accordingly, the motion for preliminary approval is denied.

**IT IS SO ORDERED.**

Dated: October 2, 2026



P. Casey Pitts
United States District Judge